# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Arthur Odom and | ) |
| Amie Odom | ) |
| *Plaintiffs* | ) |
| | ) |
| v. | ) Case No.  3:15-cv-725-DJH |
| | ) |
| GLA Collection Co., Inc. | ) |
| *Defendant* | ) |
| Serve: | ) |
| Michael L. Lynch | ) |
| 2630 Gleeson Lane | ) |
| Louisville, KY 40299 | ) |
| | ) |
| First Source Advantage, LLC | ) |
| *Defendant* | ) |
| Serve: | ) |
| CT Corporation System | ) |
| 306 W. Main Street | ) |
| Suite 512 | ) |
| Frankfort, KY 40601 | ) |
| | ) |

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1.     This is an action brought by consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.     Defendant GLA Collection Co., Inc. ("GLA") has repeatedly attempted to collect debts from Plaintiffs Arthur and Amie Odom that they do not owe. Despite proof that they do not owe these debts, GLA cavalierly continues to furnish false negative credit information concerning debts that neither Mr. nor Ms. Odom owes.

3.     Likewise, Defendant First Source Advantage, LLC ("First Source") continues to furnish false negative information concerning Arthur Odom in connection with a debt that he does not owe. First Source continued to furnish this negative credit information even after being presented with irrefutable evidence that Arthur Odom did not owe the debt.

## Jurisdiction and Venue

4.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue is proper, because many of the relevant events affected and/or damaged consumers living within Oldham County, Ky., which is located within this District.

## Parties

5.      Arthur and Amie Odom are both adult residents of Oldham County, KY.

6.      Arthur and Amie Odom are both "consumers" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

7.      GLA Collection Co., Inc. is a third-party debt collector, whose principal office is located at 2630 Gleeson Ln., Louisville, KY 40299.

8.      GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

9.      First Source Advantage, LLC is a third-party debt collector, whose principal office is located at 205 Bryant Woods South, Amherst, NY 14228.

10.     First Source regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## FACTUAL BACKGROUND

### I.      Facts Concerning GLA

#### A.      Amie Odom's Claims

11.     GLA sent Amie Odom a dunning letter dated December 29, 2014 in an attempt to collect a debt originated by Norton Hospital, bearing GLA Account # 12595166. (A copy of this letter is attached as Exhibit "A.")

12.     Upon information and belief, the letter was actually mailed days later.

13.     Amie Odom received GLA's letter on January 7, 2015.

14.     GLA's dunning letter dated December 29, 2014 was GLA's initial communication under 15 U.S.C. § 1692g with Amie Odom in connection with GLA Account # 12595166.

15.     GLA's dunning letter dated December 29, 2014 includes the following language required by 15 U.S.C. § 1692g:

> Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days of receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit "A."

16.     In a letter dated January 20, 2015, GLA sent Amie Odom another dunning letter in attempt to collect the same Norton Hospital debt under GLA Account # 12595166. (A copy of this letter is attached as Exhibit "B.")

17.     GLA's dunning letter dated January 20, 2015 states in pertinent part:

> According to our records, you have refused to make any arrangements to pay your past due account. You leave us no choice but to continue collection efforts to collect this account.
>
> Promptly send your payment in the enclosed envelope so we may close this past due account, or call our office at 502-367-7522 to let us know when we may expect your payment.

Exhibit "B."

18.     GLA's dunning letter dated January 20, 2015 was attempt to collect a debt from Amie Odom made within the 30 day period of no collection activity mandated by 15 U.S.C. § 1692g.

19.     GLA's dunning letter dated January 20, 2015 clearly and plainly overshadowed Amie Odom's right to dispute the Norton Hospital debt under GLA Account # 12595166.

20.     On February 6, 2015, Amie Odom mailed GLA a timely debt validation letter under 15 U.S.C. § 1692g requesting that GLA validate the Norton Hospital debt under GLA Account # 12595166.

21.     GLA did not send Amie Odom validation or verification of the Norton Hospital debt under GLA Account # 12595166.

22.     The Norton Hospital debt under GLA Account # 12595166 was a medical debt that was incurred on behalf of the Odoms' son and was a personal debt, which makes the Norton Hospital debt a "debt" within the meaning of the FDCPA.

23.     The Odoms' insurance company paid the Norton Hospital debt in full *before* GLA began its collection actions against Amie Odom.

24.     In March 2015, GLA began furnishing negative credit information concerning the Norton Hospital debt without first validating or verifying the debt as required by 15 U.S.C. § 1692g.

25.     GLA furnished negative credit information concerning Amie Odom and the Norton Hospital debt to one or more consumer reporting agencies for purposes of collecting a debt from her. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Experian, Inc*., CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

26.     In a letter dated April 7, 2015, GLA sent Amie Odom yet another dunning letter attempting to collect the Norton Hospital debt without first validating or verifying the debt as required by 15 U.S.C. § 1692g.

27.     GLA violated multiple provisions of the FDCPA in connection with its attempts to collect the Norton Hospital debt from Amie Odom including but not limited to:

   o   Attempting to collect a debt from Amie Odom that she does not owe;

   o   Attempting to collect the Norton Hospital debt in its January 20, 2015 dunning letter that overshadowed and violated Amie Odom's right to dispute the letter within 30 days of GLA's initial communication with Amie Odom in connection with the Norton Hospital debt; and

   o   Continuing to attempt to collect the Norton Hospital debt without first validating and verifying the debt as required by law.

**B.     Arthur Odom's Claims**

28.     GLA is furnishing negative credit information to one or more consumer credit reporting agencies concerning Arthur Odom and an alleged medical debt owed to University Child Health Specialist under GLA Partial Account # 515360011183217.

29.     GLA furnished negative credit information concerning Arthur Odom and the University Child Health Specialist debt to one or more consumer reporting agencies for purposes of collecting a debt from him. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Experian, Inc*., CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

30.     Like the Norton Hospital Debt, the University Child Health Specialist debt was a medical debt that was incurred on behalf of the Odoms' son and was a personal debt, which makes it a "debt" within the meaning of the FDCPA.

31.     Amie Odom was the Guarantor on the University Child Health Specialist debt.

32.     GLA first attempted to collect the University Child Health Specialist debt from Amie Odom in late 2013.

33.     Amie Odom timely disputed the University Child Health Specialist debt and sent GLA conclusive proof that the debt had been paid by the Odoms' health insurance carrier.

34.     Despite this proof, GLA continued its efforts to collect the University Child Health Specialist debt from Amie Odom.

35.     Exasperated and distraught by GLA's repeated efforts to collect a debt that already been paid and its refusal to stop its collection efforts, Arthur and Amie Odom brought suit against GLA for its illegal conduct in the Western District of Kentucky Case No. 3:14-cv-00387-JHM.

36.     Arthur Odom recently discovered that GLA was furnishing negative credit information to one or more consumer reporting agencies concerning himself and the same University Child Health Specialist debt that GLA attempted to collect from Amie Odom.

37.     After discovering the false negative credit information, Arthur Odom exercised his rights under the FCRA and disputed the University Child Health Specialist debt with one or more consumer reporting agencies.

38.     Upon information and belief, one or more consumer reporting agencies notified GLA of  Arthur Odom's dispute, which triggered GLA's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

39.     Upon information and belief, GLA provides no training materials to its employees concerning re-investigation of disputed debts under the FDCPA or FCRA.

40.     Upon information and belief, GLA provides no training to its employees in connection concerning re-investigation of disputed debts under the FDCPA or FCRA.

41.     One or more consumer reporting agencies continues to report derogatory information concerning the University Child Health Specialist debt on Arthur Odom's consumer credit report.

42.     The information concerning the University Child Health Specialist debt on Arthur Odom's consumer credit reports is false because the debt has been paid and Odom does not owe the debt.

43.     Upon information and belief, GLA failed to conduct a reasonable investigation into Arthur Odom's dispute concerning the information GLA is furnishing to one or more consumer reporting agencies.

44.     GLA violated multiple sections of the FDCPA in its connection with its attempt to collect the University Child Health Specialist debt from Arthur Odom, including but not limited to:

> o   Attempting to collect a debt from Arthur Odom that he does not owe; and

> o   Furnishing false negative credit information about Arthur Odom and the University Child Health Specialist debt to one or more consumer reporting agencies.

45.     GLA violated the FCRA by willfully, or in the alternative negligently, failing to conduct a reasonable investigation of Arthur Odom's dispute concerning the University Child Health Specialist debt as required by law.

## II.   Facts Concerning First Source

46.     First Source sent Arthur Odom a dunning letter dated August 19, 2014 in attempt to collect a debt from Arthur Odom allegedly owed to Kosair Children's Medical Hospital ("Kosair"), with Account # 101753825 and a balance due of $53.11.

47.     The Kosair debt was a medical debt that was incurred on behalf of the Odoms' son and was a personal debt, which makes it a "debt" within the meaning of the FDCPA.

48.     The Odoms' health insurance carrier paid the Kosair debt in full.

49.     Arthur Odom, by counsel, sent First Source a timely debt-validation-and-dispute letter on September 1, 2014.

50.     Counsel received First Source's debt-validation response on October 23, 2014.

51.     In October 2014, First Source began to furnish negative credit information to one or more consumer reporting agencies concerning the Kosair debt and Arthur Odom.

52.     First Source furnished negative credit information concerning Arthur Odom and the Kosair debt to one or more consumer reporting agencies for purposes of collecting a debt from him. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terAmie'" *Sullivan v. Experian, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

53.     On or about January 15, 2015, Arthur Odom submitted an online dispute with one or more consumer reporting agencies in connection with the Kosair debt and the negative information furnished by First Source.

54.     Upon information and belief, one or more consumer reporting agencies notified First Source of Arthur Odom's dispute, which triggered First Source's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

55.     One or more consumer reporting agencies continues to report derogatory information concerning the Kosair debt on Arthur Odom's consumer credit report.

56.     The information concerning the Kosair debt on Arthur Odom's consumer credit reports is false because the debt has been paid and Arthur Odom does not owe the debt.

57.     Upon information and belief, First Source failed to conduct a reasonable investigation into Arthur Odom's dispute concerning the information First Source is furnishing to one or more consumer reporting agencies.

58.     First Source violated multiple sections of the FDCPA in its connection with its attempt to collect the Kosair debt from Arthur Odom, including but not limited to:

- o   Attempting to collect a debt from Arthur Odom that he does not owe; and

- o   Furnishing false negative credit information about Arthur Odom and the Kosair Children's Medical Hospital debt to one or more consumer reporting agencies.

59.     First Source violated the FCRA by willfully, or in the alternative negligently, failing to conduct a reasonable investigation of Arthur Odom's dispute concerning the Kosair Children's Medical Hospital debt as required by law.

### CLAIMS FOR RELIEF:

### Violation of the Fair Debt Collection Practices Act

**I.     Claims against GLA**

60.     The foregoing acts and omissions of GLA Collection Co., Inc. constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e, § 1692f, and § 1692g.

**II.     Claims against First Source**

61.     The foregoing acts and omissions of Fist Source Advantage, LLC constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e, § 1692f, and § 1692g.

## Violation of the Fair Credit Reporting Act

### I.     Claims against GLA

62.     The foregoing acts and omissions of GLA Collection Company, Inc. constitute violations of the FCRA, including, but not limited to:

#### A.     Violation of 15 U.S.C. § 1681n

63.     After being informed by one or more consumer reporting agencies that Arthur Odom disputed the accuracy of the information it was providing, GLA willfully failed to conduct a proper investigation of the Arthur Odom's dispute that GLA was furnishing negative credit information about a debt that he does not owe.

64.     GLA willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to GLA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

65.     GLA willfully failed to direct such consumer reporting agencies to delete inaccurate information about Arthur Odom pertaining to the alleged University Child Health Specialist debt as required by 15 U.S.C. § 1681s-2(b)(C).

66.     Arthur Odom has a private right of action to assert claims against GLA arising under 15 U.S.C. § 1681s-2(b).

67.     GLA is liable to Arthur Odom for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

#### B.     Violation of 15 U.S.C. § 1681o

68.     After being informed by one or more consumer reporting agencies that Arthur Odom disputed the accuracy of the information it was providing, GLA willfully failed to conduct a proper investigation of the Arthur Odom's dispute that GLA was furnishing negative credit information about a debt that he does not owe.

69.     GLA negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to GLA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

70.     GLA negligently failed to direct such consumer reporting agencies to delete inaccurate information about Arthur Odom pertaining to the alleged University Child Health Specialist debt as required by 15 U.S.C. § 1681s-2(b)(C).

71.     Arthur Odom has a private right of action to assert claims against GLA arising under 15 U.S.C. § 1681s-2(b).

72.     GLA is liable to Arthur Odom for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## II.     Claims against First Source

73.     The foregoing acts and omissions of First Source Advantage, LLC constitute violations of the FCRA, including, but not limited to:

### A.     Violation of 15 U.S.C. § 1681n

74.     After being informed by one or more consumer reporting agencies that Arthur Odom disputed the accuracy of the information it was providing, First Source willfully failed to conduct a proper investigation of the Arthur Odom's dispute that First Source was furnishing negative credit information about a debt that he does not owe.

75.     First Source willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to First Source in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

76.     First Source willfully failed to direct such consumer reporting agencies to delete inaccurate information about Arthur Odom pertaining to the alleged Kosair debt as required by 15 U.S.C. § 1681s-2(b)(C).

77.     Arthur Odom has a private right of action to assert claims against First Source arising under 15 U.S.C. § 1681s-2(b).

78.     First Source is liable to Arthur Odom for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### B.     Violation of 15 U.S.C. § 1681o

79.     After being informed by one or more consumer reporting agencies that Arthur Odom disputed the accuracy of the information it was providing, First Source willfully failed to conduct a proper investigation of the Arthur Odom's dispute that First Source was furnishing negative credit information about a debt that he does not owe.

80.     First Source negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to First Source in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

81.     First Source negligently failed to direct such consumer reporting agencies to delete inaccurate information about Arthur Odom pertaining to the alleged Kosair debt as required by 15 U.S.C. § 1681s-2(b)(C).

82.     Arthur Odom has a private right of action to assert claims against First Source arising under 15 U.S.C. § 1681s-2(b).

83.     First Source is liable to Arthur Odom for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his  reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Arthur and Amie Odom request the Court grant them relief as follows:

a.      Award Plaintiffs actual damages;

b.      Award Plaintiffs maximum statutory damages under 15 U.S.C. § 1692k;

c.      Award Arthur Odom maximum statutory damages against First Source under 15 U.S.C. § 1681n;

d.      Award Arthur Odom punitive damages against First Source under 15 U.S.C. § 1681n;

e.      Award Plaintiffs reasonable attorney's fees and costs;

f.      A trial by jury; and

g.      Such other relief as may be just and proper.

Respectfully Submitted,


/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com

## Verification

Plaintiff Arthur Odom declares as follows:

1.    I am a Plaintiff in the present case and reside in Oldham County, Kentucky.

2.    I have personal knowledge of myself and my activities, including those set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated herein.

3.    I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on _____*Sept 10*_____, 2015

Arthur Odom

-11-

Plaintiff Amie Odom declares as follows:

1.    I am a Plaintiff in the present case and reside in Oldham County, Kentucky.

2.    I have personal knowledge of myself and my activities, including those set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated herein.

3.    I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on    *SepT    10*   , 2015

_____
Amie Odom